**WILENTZ**
—ATTORNEYS AT LAW—
WILENTZ, GOLDMAN & SPITZER, P.A.

**DAVID H. STEIN, ESQ.**

T: 732.855.6126
F: 732.726.6570
dstein@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

March 28, 2025

**Via ECF**
Honorable Vincent F. Papalia
United States Bankruptcy Court
MLK Jr. Federal Building &
United States Courthouse
50 Walnut Street, 3rd Floor
Newark, NJ  07012

Re:   **Fortress Holdings, LLC**
      **Case No.: 25-10977 (VFP)**

Dear Judge Papalia:

This law firm represents Bogota Savings Bank (the "Bank"), a secured creditor and party-in-interest in the Bankruptcy case of Fortress Holdings, LLC (the "Debtor"), the chapter 11 debtor in the above matter.  Kindly accept this letter in lieu of a more formal brief in support of the Motion of the United States Trustee (the "UST") for Order Dismissing Case or, alternatively, Converting Case to Chapter 7 (the "Motion"), which Motion was brought by way of an Order Shortening Time entered by the Court on March 21, 2025 and docketed as Docket No. 75.  The Motion is currently scheduled for hearing on **April 1, 2025 at 11:00 a.m.**  Please also accept this letter as a joinder in support of the UST's Motion.

The Motion concerns the appropriateness and the extent of the insurance coverage which the Debtor procured for its property, a catering facility located in Totowa, New Jersey (the "Property"), for which the Debtor claims a value of $42 Million. (See Schedules and Statement of Financial

Affairs). The Bank is owed in excess of $16 Million in these proceedings. In addition, other creditors are scheduled in this matter who would expect to receive a payment in the event of a loss at the Property. Construction at the Property is ongoing, which only heightens the need for the Debtor to obtain adequate insurance coverage, including property, casualty and workers' compensation coverage.

Consistent with the Bank's loan documents, this office provided Debtor's counsel with a schedule setting forth the requirements for insurance in this matter. See Stein Certification, Exhibit A. The insurance requirements also specify that the Bank should be listed as a loss payee with respect to the insurance so procured. In addition, the Bank also requires that any insurance certificate and policy contain sufficient to coverage to protect all estate claims in these proceedings, given that the Debtor purports to have sufficient equity to fund a 100% plan.

Furthermore, at the 341(a) Hearing and Meeting of Creditors, the Debtor's representative testified that the Debtor has procured a Ferrari exotic motor vehicle and contributed the sum of $40,000.00 for that purchase. (See Schedules and Statement of Financial Affairs). Apparently, said vehicle is located at an offsite location in Pine Brook, New Jersey. The insurance to be obtained by the Debtor should also provide a separate automobile insurance policy covering the Ferrari since the Debtor listed its interest in the vehicle in its Schedules as property of the estate. (See Stein Certification at Exhibit B setting forth the Debtor's testimony pertaining to the Ferrari).

In the event that the Debtor cannot fully provide the insurance required and/or provide a full accounting for the Ferrari, it is respectfully requested that the Court grant the UST's Motion.

> Respectfully submitted,
>
> */s/ David H. Stein*
>
> DAVID H. STEIN

DHS:wpc

#95195062.1

Honorable Vincent F. Papalia
March 28, 2025
Page 3

cc: Richard Trenk, Esq. (Via ECF and email)
    Fran Steele, Esq. (via ECF and email)
    Robert Roglieri (via ECF and email)

#95195062.1