# EXHIBIT A

DRAFT June 26, 2025

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FORTRESS HOLDINGS, LLC, | Case No. 25-10977 (VFP) |
| Debtor. | |

**FIRST AMENDED PLAN OF REORGANIZATION**

**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, NJ 07039
Telephone: (973) 533-1000
Email: rtrenk@trenkisabel.law
Email: rroglieri@trenkisabel.law

*Counsel to Fortress Holdings, LLC*
*Chapter 11 Debtor and Debtor-in-Possession*

Dated: June 26, 2025

**Deleted:** March 18

4910-3847-1211, v. 1

DRAFT June 26, 2025

**TABLE OF CONTENTS**

Page

**ARTICLE I** INTRODUCTION.................................................................2

**ARTICLE II** INTERPRETATION OF TERMS AND DEFINITIONS ........................2

**ARTICLE III** CLASSIFICATION OF CLAIMS ...........................................9

**ARTICLE IV** TREATMENT OF UNCLASSIFIED CLAIMS.................................9

**ARTICLE V** TREATMENT OF CLASSIFIED CLAIMS ....................................11

**ARTICLE VI** ACCEPTANCE.................................................................13

**ARTICLE VII** EFFECT OF PLAN ON CLAIMS ..........................................14

**ARTICLE VIII** PROVISIONS GOVERNING DISTRIBUTIONS GENERALLY ...........16

**ARTICLE IX** TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES ....................................................................................20

**ARTICLE X** CONFIRMATION AND CONSUMMATION OF THIS PLAN...............20

**ARTICLE XI** EFFECTS OF CONFIRMATION ...........................................21

**ARTICLE XII** RETENTION OF JURISDICTION..........................................22

**ARTICLE XIII** MISCELLANEOUS PROVISIONS.........................................24

Deleted: 10

Deleted: 19

Deleted: 19

Deleted: 20

Deleted: 21

Deleted: 23

i

DRAFT June 26, 2025

Fortress Holdings, LLC (the "**Debtor**") submits this First Amended Plan of Reorganization pursuant to chapter 11 of the Bankruptcy Code.

**ARTICLE I**
**INTRODUCTION**

The Debtor is the debtor-in-possession in the above-captioned chapter 11 case.  On January 30, 2025, the Debtor commenced a bankruptcy case by filing a voluntary chapter 11 petition under the Bankruptcy Code (as defined herein).  This document is the First Amended chapter 11 plan (the "**Plan**") proposed by the Debtor.  This is a reorganization plan.  In other words, the Plan Proponent seeks to accomplish payments under the Plan by satisfying Classified and Unclassified Claims as set forth herein.  Allowed Unsecured Claims shall receive the *pro rata* share of a dividend of the lesser of (i) the amount of unsecured claims; or (ii) $500,000 over 5 years.

For a discussion of the Debtor's history, business, risk factors associated with this Plan and for a summary and analysis of this Plan and related matters, reference is made to the Disclosure Statement (as defined herein).  Subject to the restrictions on modifications set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and any restrictions on modifications set forth herein, the Plan Proponent expressly reserves the right to alter, amend, or modify this Plan, one or more times before substantial consummation thereof.

The contents of this Plan should not be construed as legal, business, or tax advice.  Each holder of a Claim should consult its own legal counsel and accountant as to legal, tax, and other matters concerning their Claim.

**ARTICLE II**
**INTERPRETATION OF TERMS AND DEFINITIONS**

2.1.    **Interpretation**.

For purposes of this Plan:

2.1.1.    any term that is not defined herein, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable;

2.1.2.    the terms "including" or "include(s)" are intended to be illustrative and not exhaustive, and shall be construed as "including, but not limited to" or "includes, but is not limited to";

2.1.3.    the phrase "relating to" or "relates to" means "with regard to, with respect to, by reason of, on account of, based on, arising out of, relating to, or in any way connected with";

2.1.4.    whenever the context requires, terms shall include the plural as well as the singular number, and the masculine gender shall include the feminine and the feminine gender shall include the masculine;

2

4910-3847-1211, v. 1

2.1.5.  the rules of construction set forth in section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply;

2.1.6.  unless the context should otherwise require, all references to documents to be filed shall refer to filing with the Bankruptcy Court in accordance with the Bankruptcy Code and Bankruptcy Rules;

2.1.7.  any reference in this Plan to a contract, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions;

2.1.8.  any reference in this Plan to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified or supplemented;

2.1.9.  unless otherwise specified, all references in this Plan to "Articles," "Sections," "Schedules" and "Exhibits" are references to Articles, Sections, Schedules, and Exhibits of or to this Plan;

2.1.10.  the words "herein," "hereof," and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan;

2.1.11.  captions and headings to Articles and Sections are inserted for ease of reference only and shall not be considered a part of this Plan or otherwise affect the interpretation of this Plan; and

2.1.12.  this Plan supersedes all prior drafts of this Plan, and all prior negotiations, agreements, and understandings with respect to this Plan, evidence of which shall not affect the interpretation of any provision of this Plan.

2.2.  **Definitions**.

Unless otherwise provided in this Plan, all terms used herein shall have the meanings assigned to such terms in the Bankruptcy Code or the Bankruptcy Rules.  For the purposes of this Plan, the following terms (which appear in this Plan in capitalized form) shall have the meanings set forth below, and such meanings shall be equally applicable to the singular and to the plural form of the terms defined, unless the context otherwise requires.

2.2.1.  "**Action**" means any lawsuit, proceeding, or other action in a court or any arbitration.

2.2.2.  "**Administrative Expense Claim**" means any Claim constituting an actual, necessary cost or expense of administering the Chapter 11 Case under sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code including, (a) any actual and necessary costs and expenses of preserving the Estate, (b) all compensation and reimbursement of expenses under sections 330 or 503 of the Bankruptcy Code, (c) any fees or charges assessed against the Estate

3

under section 1930 of chapter 123 of title 28 of the United States Code, and (d) all Claims arising under section 503(b)(9) of the Bankruptcy Code.

2.2.3.    "**Affiliate**" means any past, present, or future Person that controls, is controlled by, or is under control with, another Person, including parents, subsidiaries, merged Persons, consolidated Persons, holding Persons, and acquired Persons, or any predecessor to such Person.

2.2.4.    "**Allowed**" or "**Allowance**" means, with reference to any Claim, proof of which was timely and properly filed or, if no Proof of Claim was filed, which has been or hereafter is listed by the Debtor in the Schedules, as liquidated in amount and not disputed or contingent and, in each case, as to which:  (A) no objection to allowance has been interposed within the applicable period fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or (B) an objection has been interposed and such Claim has been allowed, in whole or in part, by a Final Order.

2.2.5.    "**Avoidance Actions**" means any and all rights to recover or avoid transfers or Liens under Chapter 5 of the Bankruptcy Code or otherwise, including sections 506(d), 541, 542, 543, 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code, or otherwise under the Bankruptcy Code or under similar or related state or federal statutes and common law, including, all preference, fraudulent conveyance, fraudulent transfer, and/or other similar avoidance claims, rights, and causes of action, whether or not litigation has been commenced as of the Effective Date to prosecute such Avoidance Actions; subject, however, to any releases thereof provided in this Plan, the Confirmation Order, or any other Final Order of the Bankruptcy Court.

2.2.6.    "**Bankruptcy Code**" means title 11 of the United States Code.

2.2.7.    "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of New Jersey or the District Court for the District of New Jersey, as applicable.

2.2.8.    "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075.

2.2.9.    "**Bar Date**" means April 10, 2025.

2.2.10.    "**Business Day**" means any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey or the United States of America are authorized by law to close.

2.2.11.    "**Cash**" means legal tender of the United States of America and equivalents thereof.

2.2.12.    "**Chapter 11 Case**" means the above-captioned case under Chapter 11 of the Bankruptcy Code.

2.2.13.    "**Claim**" means (a) a claim as that term is defined in § 101(5) of the Bankruptcy Code; or (b) any claim, Action, assertion of right, complaint, cross-complaint, counterclaim, liabilities, obligations, rights, request, allegation, mediation, litigation, direct action,

**Deleted:** <#>"**Agent**" means any past and present employee, officer, director, agent, shareholder, principal, teacher, staff, stockholder, member, partner, board member, trustee, administrator, priest, deacon, religious brother, religious sister, nun, clergy, Person bound by a monastic vow, volunteer, attorney, claim handling administrator, and representatives of a Person, in their capacity as such. ¶

4

administrative proceeding, Cause of Action, Lien, encumbrances, indemnity, equitable indemnity, right of subrogation, equitable subrogation, defense, injunctive relief, controversy, contribution, exoneration, covenant, agreement, promise, act, omission, trespass, variance, damages, judgment, compensation, set-off, reimbursement, restitution, cost, expense, loss, exposure, execution, attorneys' fee, obligation, order, affirmative defense, writ, demand, inquiry, request, directive, obligation, Proof of Claim in a bankruptcy proceeding or submitted to a trust established pursuant to the Bankruptcy Code, government claim or Action, settlement, and/or any liability whatsoever, whether past, present or (to the extent it arises prior to the Effective Date) future, known or unknown, asserted or unasserted, foreseen or unforeseen, fixed or contingent, matured or unmatured, liquidated or unliquidated, direct, indirect or otherwise consequential, whether in law, equity, admiralty, under the Bankruptcy Code, or otherwise, whether currently known or unknown, whether compromised, settled or reduced to a consent judgment, that may exist now or hereinafter for property damages, compensatory damages (such as loss of consortium, wrongful death, survivorship, proximate, consequential, general and special damages), punitive damages, bodily injury, personal injury, public and private claims, or any other right to relief whether sounding in tort, contract, extra-contractual or bad faith, statute, strict liability, equity, nuisance, trespass, statutory violation, wrongful entry or eviction or other eviction or other invasion of the right of private occupancy, and any amounts paid in respect of any judgment, order, decree, settlement, contract, or otherwise.  A Person who holds a Claim is a "**Claimant**."

2.2.14.  "**Class**" means a grouping of substantially similar Claims for common treatment thereof pursuant to the terms of this Plan.

2.2.15.  "**Confirmation Hearing**" means a hearing conducted by the Bankruptcy Court for the purpose of considering Confirmation.

2.2.16.  "**Confirmation Order**" means an Order of the Bankruptcy Court confirming this Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.  The form and substance of the Confirmation Order shall be mutually acceptable to the Plan Proponent.

2.2.17.  "**Confirmation**" means the entry of an Order by the Bankruptcy Court approving this Plan in accordance with the provisions of the Bankruptcy Code.

2.2.18.  "**Creditor**" means any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code.  This includes all Persons holding Claims against the Debtor.

2.2.19.  "**Debtor**" means the Fortress Holdings, LLC.

2.2.20.  "**Disbursing Agent**" has the meaning ascribed to such term in Section 8.1 of this Plan.

2.2.21.  "**Disclosure Statement**" means the Disclosure Statement filed by the Debtor as required pursuant to section 1125, *et seq.* of the Bankruptcy Code as approved by the Bankruptcy Court.

5

DRAFT June 26, 2025

2.2.22.  "**DIP Claims**" means the Claims that the DIP Lenders have pursuant to the respective DIP Loans under the DIP Notes.

2.2.23.  "**DIP Lenders**" means, collectively, MGAC Investments, LLC and Abdallah Issa.

2.2.24.  "**DIP Loans**" means, collectively, the loans approved by the Court pursuant to Section 364(b) of the Bankruptcy Code from the DIP Lenders.

2.2.25.  "**DIP Notes**" means, collectively, the Promissory Notes associated with any DIP Loans.

2.2.26.  "**Effective Date**" means the date on which all of the conditions to Confirmation and conditions to the Effective Date have been satisfied or waived in accordance with the requirements of Article 10 of this Plan.

2.2.27.  "**Estate**" means the estate of the Debtor created upon the commencement of the Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

2.2.28.  "**Exculpated Party**" or "**Exculpated Parties**" means collectively, (i) the Debtor; (ii) professionals that were retained in the Chapter 11 Case by the Debtor; and (iii) the officers and directors of the Debtor that served during the Chapter 11 Case.

2.2.29.  "**Executory Contract**" means any contract or unexpired lease entered into before the Petition Date between the Debtor and any other Person or Persons, pursuant to which parties to both sides of the contract or lease have remaining material duties such that the breach by one party would excuse the performance by the other parties thereto.

2.2.30.  "**Fee Claim**" means a Claim under sections 328, 330(a), 331, 363 or 503 of the Bankruptcy Code for professional compensation.

2.2.31.  "**Final Decree**" means the decree contemplated under Bankruptcy Rule 3022.

2.2.32.  "**Final Order**" means an order as to which the time to appeal, petition for certiorari, petition for review, or move for reargument or rehearing has expired and as to which no appeal, petition for *certiorari*, or other proceedings for reargument or rehearing shall then be pending and in the event that an appeal, *writ of certiorari*, petition for review, or reargument or rehearing thereof has been sought, such order shall have been affirmed by the highest Bankruptcy Court to which such order was appealed, or *certiorari* or review has been denied or from which reargument or rehearing was sought, and the time to take any further appeal, petition for *certiorari*, petition for review, or move for reargument or rehearing shall have expired; *provided*, *however*, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any analogous rule under the Bankruptcy Rules may be filed with respect to such order shall not cause such order not to be a Final Order.  If any appeal of the Confirmation Order becomes equitably moot due to Substantial Consummation, the Confirmation Order shall be considered a Final Order as of the date that the order determining such appeal to be moot has become a Final Order.

6

**Deleted:** has

**Deleted:**

**Deleted:** in the amount of up to $350,000.

**Deleted:** Future Advance Promissory Note embodying the DIP Loan filed at ECF 59.

DRAFT June 26, 2025

2.2.33. "**General Unsecured Claim**" means any Claim against the Debtor that arose or is deemed by the Bankruptcy Code or Bankruptcy Court, as applicable, to have arisen before the Petition Date and that is not:  (i) an Administrative Expense Claim, (ii) a Priority Tax Claim, (iii) a Non-Tax Priority Claim, (iv) a DIP Claim; or (v) a Secured Claim.

2.2.34. "**Holder**" means the beneficial holder of any Claim.

2.2.35. "**Impaired**" means a Claim that is impaired within the meaning of section 1124 of the Bankruptcy Code.

2.2.36. "**Interests**" means all Claims, including any "interests" as that term is used in section 363 of the Bankruptcy Code, and other rights of any nature, whether at law or in equity, including all interests or other rights under New Jersey law or any other applicable law.

2.2.37. "**Lien**" means any mortgage, pledge, deed of trust, assessment, security interest, lease, lien, adverse claim, levy, charge or other encumbrance of any kind, including any "lien" as defined in section 101(37) of the Bankruptcy Code, or a conditional sale contract, title retention contract or other contract to give any of the foregoing.

2.2.38. "**Person**" means an individual or entity, a corporation, limited liability company, partnership, general partnership, limited partnership, limited liability partnership, limited liability limited partnership, proprietorship, association, joint stock company, joint venture, estate, trust, trustee, personal executor or personal representative, unincorporated organization or association, federal, international, foreign, state, or local governmental or quasi-governmental entity, body, or political subdivision or any agency or instrumentality thereof; and any other individual or entity within the definitions of (i) "person" in section 101(41) of the Bankruptcy Code or (ii) "entity" in section 101(15) of the Bankruptcy Code.

2.2.39. "**Petition Date**" means January 30, 2025, the date on which the Debtor filed its petition for relief commencing the Chapter 11 Case.

**Deleted:** December 8, 2024

2.2.40. "**Plan Documents**" means, collectively, (a) this Plan, (b) the Plan Supplement(s), (c) the Disclosure Statement, (d) all of the exhibits and schedules attached to any of the foregoing and (e) any other document or instrument necessary to implement this Plan.

2.2.41. "**Plan Proponent**" means the Debtor.

2.2.42. "**Plan Supplement(s)**" means any supplements to this Plan containing exhibits and schedules to this Plan, which will be filed in accordance with the terms of this Plan.

2.2.43. "**Plan**" means this *Plan of Reorganization*, as the same may be amended, modified, or supplemented from time to time in accordance with the terms and provisions hereof.

2.2.44. "**Priority Non-Tax Claim**" means a Claim entitled to priority under sections 507(a)(2), (3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

7

2.2.45.  "**Priority Tax Claim**" means any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

2.2.46.  "**Proof of Claim**" means a proof of Claim filed pursuant to Bankruptcy Code section 501 and/or pursuant to any order of the Bankruptcy Court, together with supporting documents.

2.2.47.  "**Released Party**" means collectively and in each case in their capacity as such:  (i) the Debtor and (ii) the Debtor's Estate.

2.2.48.  "**Releasing Party**" means collectively and in each case in their capacity as such:  (i) the Debtor and (ii) the Debtor's Estate.

2.2.49.  "**Reorganized Debtor**" means the Debtor as it exists on and after the Effective Date.

2.2.50.  "**Schedules**" means the schedules, statements, and lists filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have been amended or supplemented from time to time.

2.2.51.  "**Secured Claim**" means a Claim (i) that is secured by a Lien on property in which the Estate has an Interest, which Lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law, or a Claim that is subject to a valid right of the Creditor of setoff against amounts owed to the Debtor; to the extent of the value of the Holder's Interest in the Estate's Interest in such property or to the extent of the amount subject to a valid right of setoff, as applicable; and (iii) the amount of which (A) is undisputed by the Debtor or (B) if disputed by the Debtor, such dispute is settled by written agreement between the Debtor and the holder of such Claim or determined, resolved, or adjudicated by Final Order.

2.2.52.  "**Substantial Consummation**" means the substantial consummation of a chapter 11 plan as defined in section 1101(2) of the Bankruptcy Code.

2.2.53.  "**Tax Code**" means the Internal Revenue Code of 1986, as amended.

2.2.54.  "**Treasury Regulations**" has the meaning ascribed to such term in Section 7.1. of this Plan.

2.2.55.  "**U.S. Trustee Fees**" means any and all fees payable to the U.S. Trustee pursuant to section 1930 of title 28 of the Bankruptcy Code and any interest thereupon.

2.2.56.  "**U.S. Trustee**" means the Office of the United States Trustee for Region 3, which includes the District of New Jersey.

**Deleted:** Reorganized Debtor; and (ii) except as otherwise provided for by this Plan, with respect to each of the foregoing Persons in clause (i), such Persons' successors and assigns, Affiliates, and its and their current and former officers, directors, trustees, principals, shareholders and their Affiliates, and Agents, in their capacities of such.

**Deleted:** ; and (ii) with respect to each of the foregoing Persons, such Persons' and the Debtor's Affiliates successors and assigns, and its and their current and former Agents, and such Persons' respective heirs, executors, estates, servants and nominees.

8

### ARTICLE III
### CLASSIFICATION OF CLAIMS

3.1.    **Classification**.  All Claims, as defined herein and in section 101(5) of the Bankruptcy Code, except the Fee Claims, Administrative Expense Claims, U.S. Trustee Fees, and Priority Tax Claims, are placed into the Classes set forth below.  Pursuant to section 1123(a)(1) of the Bankruptcy Code, Fee Claims, Administrative Expense Claims, U.S. Trustee Fees, and Priority Tax Claims, as described below, are not classified in this Plan, and the treatment of such Claims is set forth in Article III below.  A Claim is placed in a particular Class only to the extent that the Claim falls within the description of that Class and is classified in other Classes to the extent that any portion of such Claim falls within the description of such other Classes.  A Claim is also placed in a particular Class for the purpose of receiving distributions pursuant to this Plan only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, discharged, released or otherwise settled prior to the Effective Date.

3.2.    **Unclassified Claims**.  The following are the unclassified Claims:  Fee Claims, Administrative Expense Claims, U.S. Trustee Fees, Priority Tax Claims, and DIP Claim.  Unclassified Claims are not Impaired by this Plan.  Each Holder of an unclassified Claim is conclusively presumed to have accepted this Plan and, therefore, is not entitled to vote to accept or reject this Plan.

3.3.    **Classified Claims**.  As set forth in the table below, Class 1 is Unimpaired under this Plan, and, pursuant to section 1126(f) of the Bankruptcy Code, is conclusively presumed to have accepted this Plan.  Classes 7A and 7B are fully Impaired and are not receiving any Distributions under this Plan and, pursuant to section 1126(g) of the Bankruptcy Code, are conclusively presumed to have rejected this Plan.  Classes 2, 3, 4, 5, 6 and 8 are Impaired under this Plan and are entitled to vote on this Plan.

| Class | Claims & Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Bogota Savings Bank | Impaired | Entitled to Vote |
| 3 | U.S. Small Business Administration | Impaired | Entitled to Vote |
| 4 | Herc Rental Inc. | Impaired | Entitled to Vote |
| 5 | Samna Construction & Steel Fabrication | Impaired | Entitled to Vote |
| 6 | Sherwin-Williams Co. | Impaired | Entitled to Vote |
| 7 | General Unsecured Claims | Impaired | Entitled to Vote |

### ARTICLE IV
### TREATMENT OF UNCLASSIFIED CLAIMS

4.1.    **Administrative Expenses Claims**.  Administrative Expense Claims are Claims for costs or expenses of administering the Debtor's Chapter 11 Case, which are Allowed under Bankruptcy Code section 503(b) or otherwise.   The Bankruptcy Code requires that all

9

DRAFT June 26, 2025

administrative expenses be paid on the Effective Date, unless a particular Claimant agrees to different treatment.  The Debtor or Reorganized Debtor, as appropriate, shall pay each Holder of an Allowed Administrative Expense Claim in full, in Cash, on the later of (i) fifteen (15) days after the Effective Date; or (ii) fifteen (15) days after the date on which such Claim becomes an Allowed Administrative Expense Claim.  Notwithstanding anything in this Plan to the contrary, the Holder of an Allowed Administrative Claim may be paid on such other date and upon such other terms as may be agreed upon by the Holder of an Allowed Administrative Expense Claim and Debtor/Reorganized Debtor.

4.2.    **DIP Loans.**  The Court approved DIP Loans on a priority basis.  These claims shall be waived and extinguished as set forth in section 5.8 herein.

> **Deleted:** Claim
>
> **Deleted:** The Debtor shall repay the DIP Loan in accordance with the terms of the DIP Note.  To the extent that the Debtor seeks approval of, and the Court approves, any other financing during the pendency of this Chapter 11 Case, such Claim shall be paid in accordance with the terms of the note or agreement approved by the Court.

4.3.    **Priority Tax Claims**.  The Reorganized Debtor shall pay any Allowed Priority Tax Claims, in full, in Cash, without interest, as soon as practicable after the later of (i) fifteen (15) days after the Effective Date, (ii) fifteen (15) days after the date on which such Claim becomes an Allowed Priority Tax Claim, (iii) at the option of the Debtor prior to the Effective Date in accordance with section 1129(a)(9)(C) of the Bankruptcy Code, in Cash, in an aggregate amount of such Allowed Priority Tax Claim payable in regular quarterly installments over a period of not more than five (5) years from the Petition Date, or (iv) such other treatment agreed to by the Debtor and the Holder of such Allowed Priority Tax Claim; *provided, however,* that the Holder of an Allowed Priority Tax Claim will not be entitled to receive any payment on account of any penalty arising with respect to, or in connection with any Priority Tax Claim.  Any demand for any such penalty will be deemed disallowed by Confirmation of this Plan.  The Debtor is unaware of any Priority Tax Claims.

4.4.    **U.S. Trustee Fees**.  All U.S. Trustee Fees due and payable prior to the Effective Date shall be paid by the Debtor on the Effective Date.  After the Effective Date, the Reorganized Debtor shall pay any and all U.S. Trustee when due and payable.  The Debtor shall file all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR.  After the Effective Date, the Reorganized Debtor shall File with the Bankruptcy Court quarterly reports when they become due using UST Form 11-PCR.  The Debtor and the Reorganized Debtor shall remain obligated to pay U.S. Trustee Fees to the United States Trustee until the earliest of the Chapter 11 Case being closed, dismissed, or converted to a case under Chapter 7 of the Bankruptcy Code.  The United States Trustee shall not be required to File any Administrative Expense Claim in the Chapter 11 Case and shall not be treated as providing any release under this Plan.

4.5.    **Fee Claims**.  All Persons seeking an award by the Bankruptcy Court of Fee Claims (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is 45 days after the Effective Date and (ii) shall be paid in full in such amounts as are Allowed by the Bankruptcy Court (a) on the date upon which the Order relating to any such Allowed Fee Claim is entered, or (b) upon such other terms as may be mutually agreed upon between the holder of such an Allowed Fee Claim and the Debtor or Reorganized Debtor, as applicable.  The Reorganized Debtor is authorized to pay compensation for services rendered or reimbursement of expenses incurred after Confirmation in the ordinary course and without the need for Bankruptcy Court approval.

10

DRAFT June 26, 2025

**ARTICLE V**
**TREATMENT OF CLASSIFIED CLAIMS**

5.1.    **Class 1 (Priority Non-Tax Claims)**.  Certain priority non-tax Claims that are referred to in Bankruptcy Code sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment.  These Claims are to be treated as follows:

(a)    **Classification**.  Class 1 consists of Priority Non-Tax Claims.

(b)    **Impairment and Voting**.  Class 1 is Unimpaired.  Holders of Allowed Class 1 Priority Non-Tax Claims are deemed to have accepted this Plan and, thus, are not entitled to vote to accept or reject this Plan.

(c)    **Treatment**.  Except to the extent that a Holder of an Allowed Priority Non-Tax Claim and the Debtor shall have agreed in writing to a different treatment, each Holder of an Allowed Priority Non-Tax Claim shall receive, in full and final satisfaction of such Claim, payment in full in Cash, without interest, in an amount equal to such Allowed Priority Non-Tax Claim as soon as reasonably practicable after the later of (a) the Effective Date and (b) the date when such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim.

5.2.    **Class 2 (Bogota Savings Bank Claim)**.

(a)    **Classification**.  Bogota Savings Bank holds a Secured Claim against the Debtor.  Bogota Savings Bank shall have an Allowed Secured Claim in the amount of $15,754,206.

(b)    **Impairment and Voting**.  Class 2 is Impaired and the Holder of the Class 2 Claim is entitled to vote to accept or reject the Plan.

(c)    **Treatment**.  The Debtor shall satisfy this Claim by payment of the Allowed Claim over 5 years with interest based upon a 25-year amortization with a balloon after the 5th year.  The interest rate shall be determined by the court based upon applicable law.  Bogota's mortgage, liens and security interest will be unaffected by confirmation of the Plan.

**Deleted:** payment of the Allowed Claim over 5 years with interest at 7.5% per annum and 25-year amortization with a balloon after the 5th year..

11

DRAFT June 26, 2025

5.3.    **Class 3 (U.S. Small Business Administration Claim)**.

(a)    **Classification**.  U.S. Small Business Administration ("**SBA**") holds a Secured Claim against the Debtor.  SBA shall have an Allowed Secured Claim in the amount of $128,422.50.

(b)    **Impairment and Voting**.  Class 3 is Impaired, and each holder of a Class 3 Claim is entitled to vote to accept or reject the Plan.

(c)    **Treatment**.  The Debtor shall satisfy this Claim by payment of the Allowed Claim over 5 years with interest at 7.5% per annum and 25-year amortization with a balloon after the 5th year.

5.4.    **Class 4 (Herc Rental Inc. Claim)**.

(a)    **Classification**.  Herc Rental Inc. ("**Herc**") holds a Secured Claim against the Debtor.  Herc shall have an Allowed Secured Claim in the amount of $8,408.42.

(b)    **Impairment and Voting**.  Class 4 is Impaired, and each holder of a Class 4 Claim is entitled to vote to accept or reject the Plan.

(c)    **Treatment**.  The Debtor shall satisfy this Claim by payment of the Allowed Claim over 5 years with interest at 7.5% per annum and 25-year amortization with a balloon after the 5th year.

5.5.    **Class 5 (Samna Construction & Steel Fabrication Claim)**.

(a)    **Classification**.  Samna Construction & Steel Fabrication ("**Samna**") holds a Secured Claim against the Debtor.  Samna shall have an Allowed Secured Claim in the amount of $700,000.[1]

(b)    **Impairment and Voting**.  Class 4 is Impaired, and each holder of a Class 4 Claim is entitled to vote to accept or reject the Plan.

(c)    **Treatment**.  The Debtor shall satisfy this Claim by payment of the Allowed Claim over 5 years with interest at 7.5% per annum and 25-year amortization with a balloon after the 5th year.

5.6.    **Class 6 (Sherwin-Williams Co. Claim)**.

(a)    **Classification**.  Sherwin-Williams Co. ("**Sherwin**") holds a Secured Claim against the Debtor.  Sherwin shall have an Allowed Secured Claim in the amount of $17,402.86.

---

[1]   The Debtor reserves the right and intends to object to the amount of this claim.  This issue has been raised in Adv. Pro. No. 25-1034 (VFP)

12

4910-3847-1211, v. 1

DRAFT June 26, 2025

(b)    **Impairment and Voting**.  Class 4 is Impaired, and each holder of a Class 4 Claim is entitled to vote to accept or reject the Plan.

(c)    **Treatment**.  To the extent Sherwin Williams has a claim, it shall be treated in Class 7..  Entry of Default was entered against Sherwin Williams Inc. [Adv. Pro. No. 25-1034 (VFP)].

> **Deleted:** The Debtor shall satisfy this Claim by payment of the Allowed Claim over 5 years with interest at 7.5% per annum and 25-year amortization with a balloon after the 5th year.

5.7.    **Class 7 (General Unsecured Claims)**.

(a)    **Classification**.  A Class 5 Claim means a General Unsecured Claim.

(b)    **Impairment and Voting**.  Class 5 is Impaired and each holder of a Class 5 Claim is entitled to vote to accept or reject this Plan.

(c)    **Treatment**.  Allowed Class 7 Claims shall be paid in full over 5 years on a quarterly basis (20 quarters) with no interest.

> **Deleted:** shall be paid the lesser of: (1) the amount of unsecured claims or (2) $500,000 paid *pari passu*. This amount shall be paid over 5 years on a quarterly basis (20 quarters) with no interest.

5.8.    **Interests**.

All equity interests in the Debtor will be extinguished on the Effective Date and equity interests in the Reorganized Debtor shall be issued on the Effective Date to the following persons in exchange for the following contributions (collectively the "**New Value Contribution**"):

> **Formatted:** Justified
> **Deleted:** to

(a)    Paul Qassis or his assignee shall receive 34% of the Reorganized Debtor in exchange for his agreement to pledge his ownership interest in Balcony which owns the Plenary Retail Consumption License and convert any other debt owned by the Debtor to equity.

> **Formatted:** Heading 4

(b)    Majid Krikor or his entity shall receive 33% of the Reorganized Debtor in exchange of his extinguishment of his DIP Loan in the amount of approximately $350,000 and convert any other debt owned by the Debtor to equity.

(c)    Abdallah Issa shall receive 33% of the Reorganized Debtor in exchange of his extinguishment of the Second DIP Loan in the amount of approximately $450,000 and his agreement to advance additional monies to implement the plan of reorganization.

> **Formatted:** Heading 4, Left

**ARTICLE VI**
**ACCEPTANCE**

> **Formatted:** Justified
> **Deleted:** ¶    ... [1]

6.1.    **Acceptance or Rejection of Plan**.  Each impaired class of Creditors with Claims against the Debtor's Estate shall be entitled to vote separately to accept or reject this Plan.  A Class of Creditors shall have accepted this Plan if this Plan is accepted by at least two-thirds in the aggregate dollar amount, and more than one-half in number of holders, of the allowed Claims of such class that have accepted or rejected this Plan.

13

6.2.   **Cramdown**.   To the extent necessary, the Plan Proponent shall request Confirmation of this Plan under section 1129(b) of the Bankruptcy Code.  The Plan Proponent reserves the right to modify, amend, or withdraw this Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification.

6.3.   **Modification of Treatment of Claims**.  The Debtor reserves the right to modify the treatment of any Allowed Claim (other than a Class 5 or Class 6 Claim) in any manner adverse only to the Holder of such Claim at any time after the Effective Date upon the consent of the Holder of the Claim whose Allowed Claim is being adversely affected, or as allowed by Bankruptcy Court Order, through the Effective Date.

**Deleted:** ------------------------Page Break------------------------

## ARTICLE VII
## EFFECT OF PLAN ON CLAIMS

7.1.   **General Injunction**.

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, THE CONFIRMATION ORDER WILL PROVIDE THAT ALL PERSONS AND ENTITIES WHO HELD, HOLD, OR MAY HOLD CLAIMS AGAINST THE DEBTOR ARE PERMANENTLY ENJOINED, ON AND AFTER CONFIRMATION, FROM (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST THE DEBTOR WITH RESPECT TO ANY SUCH CLAIM OR TAKING ANY ACT TO RECOVER SUCH CLAIM OUTSIDE THE PLAN AND THE BANKRUPTCY CODE AND BANKRUPTCY RULES, (B) THE ENFORCEMENT, ATTACHMENT, COLLECTION OR RECOVERY BY ANY MANNER OR MEANS OF ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST THE DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, (C) CREATING, PERFECTING OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST THE DEBTOR OR AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR ON ACCOUNT OF ANY SUCH CLAIM AND (D) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE DEBTOR OR AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR ON ACCOUNT OF ANY SUCH CLAIM.

**Deleted:** OF THE TRUST DISTRIBUTION PROCEDURES DISCUSSED IN …

7.2.   **Release by Debtor**.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, AND TO THE FULLEST EXTENT AUTHORIZED BY APPLICABLE LAW, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, THE RELEASED PARTIES ARE DEEMED RELEASED BY THE DEBTOR, ITS ESTATE AND ANY PERSON SEEKING TO EXERCISE THE RIGHTS OF THE DEBTOR OR ITS ESTATE AND ITS PROPERTY (AND EACH SUCH RELEASED PARTY SHALL BE DEEMED RELEASED BY THE DEBTOR AND ITS ESTATE AND ITS RESPECTIVE PROPERTY) FROM ANY AND ALL CLAIMS RELATING TO THE DEBTOR, ITS ESTATE OR ITS AFFILIATES, THE CONDUCT OF THE DEBTOR'S BUSINESS, THE FORMULATION, PREPARATION,

**Deleted:** AND DISCHARGED

14

DRAFT June 26, 2025

SOLICITATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT OR PLAN OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH OR PURSUANT TO THE DISCLOSURE STATEMENT, THE PLAN, THE FILING AND PROSECUTION OF THE CHAPTER 11 CASE, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTOR, ITS ESTATE OR ITS AFFILIATES, ON THE ONE HAND, AND ANY RELEASED PARTY, ON THE OTHER HAND, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, TO THE EXTENT THAT A CLAIM IS DETERMINED BY A FINAL ORDER TO HAVE RESULTED FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT OF A RELEASED PARTY, SUCH CLAIM SHALL NOT BE SO RELEASED AGAINST SUCH RELEASED PARTY; *PROVIDED FURTHER* THAT, THE FOREGOING "DEBTOR RELEASE" SHALL NOT OPERATE TO WAIVE OR RELEASE ANY CLAIMS OF THE DEBTOR OR ITS CHAPTER 11 ESTATE AGAINST A RELEASED PARTY (OR OF A RELEASED PARTY AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE) ARISING UNDER ANY CONTRACTUAL OBLIGATION OWED TO THE DEBTOR THAT IS ENTERED INTO OR ASSUMED PURSUANT TO THE PLAN.

    7.3.    **Release by Releasing Parties**

| | Deleted: Holders of Claims. |

        EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, AND TO THE FULLEST EXTENT AUTHORIZED BY APPLICABLE LAW, THE RELEASING PARTIES SHALL BE DEEMED TO PROVIDE A FULL RELEASE TO THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CLAIMS RELATING TO THE DEBTOR, ITS ESTATE, THE CONDUCT OF THE DEBTOR'S BUSINESS, THE FORMULATION,

| | Deleted: OR ITS AFFILIATES |

PREPARATION, SOLICITATION, DISSEMINATION, NEGOTIATION, OR FILING OF THE DISCLOSURE STATEMENT OR PLAN OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH OR PURSUANT TO THE DISCLOSURE STATEMENT, THE PLAN, THE FILING AND PROSECUTION OF THE CHAPTER 11 CASE, THE PURSUIT OF CONSUMMATION OF THE PLAN, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS AMONG THE RELEASING PARTIES AND ANY RELEASED PARTY, OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE BEFORE THE EFFECTIVE DATE; *PROVIDED* THAT, TO THE EXTENT THAT A CLAIM IS DETERMINED BY A FINAL ORDER TO HAVE RESULTED FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT OF A RELEASED PARTY, SUCH CLAIM SHALL NOT BE SO RELEASED AGAINST SUCH RELEASED PARTY.

4910-3847-1211, v. 1

DRAFT June 26, 2025

7.4.    <u>Exculpation; Limitation of Liability</u>.

NONE OF THE EXCULPATED PARTIES SHALL HAVE OR INCUR ANY LIABILITY FOR, ANY CLAIM TO ANY OTHER EXCULPATED PARTY, TO ANY HOLDER OF A CLAIM, OR TO ANY OTHER PARTY IN INTEREST, FOR ANY ACT OR OMISSION THAT OCCURRED DURING AND IN CONNECTION WITH THIS CHAPTER 11 CASE OR IN CONNECTION WITH THE PREPARATION AND FILING OF THIS CHAPTER 11 CASE, THE FORMULATION, NEGOTIATION, OR PURSUIT OF CONFIRMATION OF A PLAN, THE CONSUMMATION OF THE PLAN, AND THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT FOR CLAIMS ARISING FROM THE GROSS NEGLIGENCE, WILLFUL MISCONDUCT, FRAUD, OR BREACH OF THE FIDUCIARY DUTY OF LOYALTY OF ANY EXCULPATED PARTY, IN EACH CASE SUBJECT TO DETERMINATION OF SUCH BY FINAL ORDER OF A BANKRUPTCY COURT OF COMPETENT JURISDICTION AND PROVIDED THAT ANY EXCULPATED PARTY SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO ITS DUTIES AND RESPONSIBILITIES (IF ANY) UNDER THE PLAN.

7.5.    <u>Vesting of Assets in Reorganized Debtor</u>.  Except as otherwise provided in the Plan Documents or the Trust Documents Plan, on the Effective Date, all property in the Estate, all Causes of Action, and any property acquired by the Debtor pursuant to this Plan shall vest in the Reorganized Debtor, free and clear of all Liens, Claims, charges or other encumbrances (except for Liens expressly preserved and continued under this Plan).  On and after the Effective Date, except as otherwise provided in this Plan, the Reorganized Debtor may operate its businesses and may use, acquire or dispose of property and compromise or settle any Claims or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.  Without limiting any of the foregoing, the Reorganized Debtor may pay the charges incurred on or after the Effective Date for Professionals' fees, disbursements, expenses, or related support services without application to the Bankruptcy Court.

7.6.    <u>Causes of Action</u>.  Except as set forth otherwise herein, the Reorganized Debtor, on behalf of and for the benefit of the Debtor's estate, shall be vested with and shall retain and may enforce any and all Claims of any kind or nature whatsoever held by, through or on behalf of the Debtor and/or its Estate against any other Person, arising before the Effective Date that have not been fully resolved or disposed of prior to the Effective Date whether or not such Claims and Interests are specifically identified in the Disclosure Statement accompanying this Plan and whether or not litigation with respect to same has been commenced prior to the Effective Date.

**ARTICLE VIII**
**PROVISIONS GOVERNING DISTRIBUTIONS GENERALLY**

The following provisions of this Plan shall not apply to the distributions to be made to Class 5 and Class 6 Claims under the Trust.

8.1.    <u>Disbursing Agent</u>.  The Reorganized Debtor shall be the "**Disbursing Agent**" for all payments to be made under the Plan.

16

8.2.   **Manner of Payment**.  Any payment of Cash under this Plan may be made either by check drawn or by wire transfer from a domestic bank, at the option of the Disbursing Agent.

8.3.   **Payments and Distributions on Disputed Claims**.  As and when authorized by a Final Order, Disputed Claims that become Allowed Claims shall be paid from the Disputed Claim Reserve established under Section 8.4 of this Plan.  No distribution shall be made on a Claim where only a portion of such Claim is disputed until such dispute is resolved by settlement or Final Order.

8.4.   **Disputed Claim Reserve**.  To the extent that the Disbursing Agent makes a distribution hereunder to a Class prior to the resolution of all Disputed Claims of such Class, the Disbursing Agent shall reserve an amount for any Disputed Claims in such Class equal to the amount that such Holders of Disputed Claims in such Class would be entitled to receive under this Plan if such Disputed Claims were Allowed in the asserted amount of the Claim.

8.5.   **Transmittal of Distributions to Parties Entitled Thereto**.  All distributions by check shall be deemed made at the time such check is deposited in the United States mail, postage prepaid.  Any distributions by wire transfer shall be deemed made as of the date of the wire transfer is made.  Except as otherwise agreed with the Holder of an Allowed Claim in respect thereof or provided in this Plan, any distribution required under this Plan on account of an Allowed Claim, shall be mailed to (i) the latest mailing address filed for the Holder of an Allowed Claim entitled to a distribution, (ii) the latest mailing address filed for a Holder of a filed power of attorney designated by the Holder of such Claim to receive distributions, (iii) the latest mailing address filed for the Holder's transferee as identified in a filed notice served on the Debtor pursuant to Bankruptcy Rule 3001(e), or (iv) if no such mailing address has been filed, the mailing address reflected on the Schedules or in the Debtor's books and records.  The Holder of a Claim shall be required to promptly notify the Reorganized Debtor and the Bankruptcy Court of any change in its mailing address.

8.6.   **Distribution of Unclaimed Property**.  Except as otherwise provided in this Plan, any distribution under this Plan which is unclaimed after three (3) months following any Distribution Date shall be forfeited, and such distribution, together with any interest earned thereon, and shall return to and revest in the Reorganized Debtor.

8.7.   **Saturday, Sunday or Legal Holiday**.  If any payment or act under this Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the following Business Day but shall be deemed to have been completed as of the required date.

8.8.   **Setoffs and Recoupment**.  Subject to the terms of this Plan and pursuant to section 553 of the Bankruptcy Code or applicable law, the Debtor or Reorganized Debtor, as appropriate, may but shall not be required to, setoff against or recoup from any Claim on which payments are to be made pursuant to this Plan, any Claims of any nature whatsoever the Debtor may have against the Holder of such Claim.

8.9.   **Fractional Cents and De Minimis Distributions**.  Notwithstanding any other provisions of the Plan to the contrary, no payment of fractional cents will be made under the Plan. Cash will be issued to Holders entitled to receive a distribution of Cash in whole cents (rounded

17

to the nearest whole cent when and as necessary). Any distribution of less than $10.00 will be considered *de minimis,* and Holders of Allowed Claims that are entitled to an interim or final distribution of less than $10.00 will not receive any distribution. Such funds will remain with and revest in the Reorganized Debtor.

8.10. **Prepayment**. Except as otherwise provided herein or the Confirmation Order, the Disbursing Agent shall have the right to prepay, without penalty, all or any portion of an Allowed Claim.

18

DRAFT June 26, 2025

8.11. **Allowance and Disallowance of Claims**.

Deleted: <#>¶

(a)     **Allowance of Claims**.  Except as expressly provided in the Plan, no Claims shall be deemed Allowed by virtue of the Plan or the Confirmation Order unless and until such Claim is deemed Allowed under the Bankruptcy Code, or the Bankruptcy Court enters a Final Order in the Chapter 11 Case allowing such Claim.  Notwithstanding the foregoing, any Claim included in the Debtor's Schedules that is not listed as contingent, unliquidated, and/or disputed shall be an Allowed Claim.  Any Proof of Claim Filed in an unliquidated amount shall be deemed Allowed in the amount listed in the Debtor's Schedules as liquidated, not contingent and not disputed.  The Allowance and disallowance of Claims shall be in all respects subject to the provisions of section 502 of the Bankruptcy Code.

(b)     **Disallowance of Claims**.  Except as expressly provided in the Plan, all Claims held by Persons against whom the Debtor or Reorganized Debtor, as appropriate, have filed or commenced or may in the future file or commence a Claim under sections 542, 543, 544, 547, 548, 549, 550, 551, 553 or 724(a) of the Bankruptcy Code shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code.  The Holders of any and all Claims filed with the Bankruptcy Court after the Bar Date shall be deemed disallowed without further action by the Debtor or Reorganized Debtor and without any further notice to or action, order, or approval of the Bankruptcy Court.  The Holders of any and all Claims Filed with the Bankruptcy Court after the relevant Bar Date shall not be entitled to a distribution, unless otherwise allowed by Final Order of the Bankruptcy Court.

8.12. **Resolution of Disputed Administrative Expense Claims and Disputed Claims**.

(a)     **Prosecution of Objections to Claims**.  Except as otherwise set forth herein, prior to the Effective Date, the Debtor shall have standing and the right to commence and pursue objections to Claims, and the Reorganized Debtor shall have such standing after the Effective Date. All objections to Claims shall be Filed with the Bankruptcy Court and served upon the Holders of each of the Claims to which objections are made. The Debtor reserves the right to seek an extension of such date in accordance with D.N.J. LBR 3007-1(c).

(b)     **Objections to Claims**.  An objection to the allowance of a Claim shall be in writing and shall be Filed with the Bankruptcy Court by the Debtor or Reorganized Debtor, as applicable.  Except as expressly set forth herein, nothing herein, in the Confirmation Order or in any Order in aid of Confirmation, shall constitute, or be deemed to constitute, a waiver or release of any Claim, including any Avoidance Action, right of setoff or recoupment or other legal or equitable defense which the Debtor had immediately prior to the commencement of the Chapter 11 Case against or with respect to any Claim.  Except as set forth herein, upon Confirmation,

19

the Debtor or Reorganized Debtor shall have, retain, reserve and be entitled to assert all such Claims, rights of setoff and recoupment and other legal or equitable defenses that the Debtor had immediately prior to the commencement of the Chapter 11 Case against or with respect to any Claim.

## ARTICLE IX
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

9.1.    **Executory Contracts and Unexpired Leases**.   On the Effective Date, all Executory Contracts and unexpired leases not rejected on or before Confirmation will be deemed assumed.  The Confirmation Order shall constitute an order approving such assumption as of the Effective Date.  No cure payments or adequate assurance of future performance shall be due.

9.2.    **Bar to Rejection Damages**.   All Proofs of Claim for Claims arising from a rejection of an Executory Contract or unexpired leases must be filed with the Bankruptcy Court within the earlier of (i) the date set forth for filing claims in any order of the Bankruptcy Court approving such rejection; (ii) the date set forth in D.N.J. LBR 3003-1(b) or (ii) thirty (30) days after Confirmation.  Any Proofs of Claim that are not filed timely shall be barred forever from assertion.

## ARTICLE X
## CONFIRMATION AND CONSUMMATION OF THIS PLAN

10.1.    **Conditions Precedent to the Effective Date**.

The Effective Date shall not occur, and this Plan shall not be consummated, unless and until each of the following conditions have been satisfied:

(a)    the Bankruptcy Court shall have entered the Confirmation Order in form and substance satisfactory to the Debtor;

(b)    the Confirmation Order shall be a Final Order and no stay of the Confirmation Order shall then be in effect;

(c)    the Plan has not been materially amended, altered, or modified as confirmed by the Confirmation Order, unless such material amendment, alteration, or modification has been made with consent of the Debtor.

10.2.    **Notice of Effective Date**.

The Debtor shall file and serve on all Holders of Claims a Notice of Effective Date with the Bankruptcy Court within three (3) days after the occurrence of the Effective Date.  Such notice will include all relevant deadlines put into effect by the occurrence of the Effective Date.

DRAFT June 26, 2025

10.3.  **Waiver of Conditions Precedent to the Effective Date**.

Each of the conditions precedent to the occurrence of the Effective Date set forth in Section 14 may only be waived in whole or in part by the Plan Proponent without notice to or leave or order of the Bankruptcy Court or any formal action other than proceedings to confirm or consummate the Plan.

## ARTICLE XI
## EFFECTS OF CONFIRMATION

11.1.  **Authority to Effectuate Plan**.  Upon the Effective Date, all matters provided under the Plan shall be deemed to be authorized and approved without the requirement of further approval from the Bankruptcy Court or the Plan Proponent.  The Plan Proponent shall be authorized, without further application to or order of the Bankruptcy Court, to take whatever action necessary to achieve consummation and carry out the Plan and to effectuate the transactions provided for thereunder.

11.2.  **Binding Effect**.  Except as otherwise expressly provided in the Plan, on and after the Effective Date, the Plan shall bind all Holders of Claims.  Subject to the terms of the Plan, upon the Effective Date, every Holder of a Claim shall be precluded and permanently enjoined from asserting against the Debtor and/or Reorganized Debtor any Claim based on any document, instrument, judgment, award, order, act, omission, transaction or other activity of any kind or nature that occurred before the Petition Date.

11.3.  **Discharge**.

> **Deleted:** and Release.

(a)  Except as provided in the Plan or the Confirmation Order, upon the Effective Date, the Debtor shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (i) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (iii) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (iv) the Holder of a Claim based upon such debt accepted the Plan.

> **Deleted:** <#>Except as provided in the Plan or the Confirmation Order, upon the Effective Date, all Persons shall be precluded from asserting against the Debtor, the Reorganized Debtor and their respective members, shareholders, officers, directors, partners, attorneys or advisors, any other or further Claims relating to the Debtor based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date.  In accordance with the foregoing, except as provided in the Plan, the Trust Distribution Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all Claims against the Debtor, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a discharged Claim.¶

11.4.  **Release and Discharge of Committee**.  Effective on the Effective Date, any committee of creditors appointed by the Office of the United States Trustee, if any, shall be disbanded and it and its professionals released from their duties and obligations.

21

**ARTICLE XII**
**RETENTION OF JURISDICTION**

Until such time as a Final Decree is entered by the Bankruptcy Court, the Bankruptcy Court shall retain jurisdiction of this Chapter 11 Case pursuant to the provisions of chapter 11 of the Bankruptcy Code to make such orders as are necessary or appropriate to carry out the provisions of the Plan, and with respect to the following matters:

(a)    To enable the Plan Proponent to consummate the Plan and to resolve any disputes arising therefrom;

(b)    To adjudicate all controversies concerning the classification, estimation or allowance of any Claim herein;

(c)    To determine the classification, estimation and priority of all claims against the Debtor and to re-examine any Claims which may have been allowed;

(d)    To determine applications for the rejection or assumption of Executory Contracts or unexpired leases pursuant to the provisions of the Plan which are not determined prior to Confirmation and to determine allowance of Claims for damages with respect to rejection of any such Executory Contracts or unexpired leases within such time as the Bankruptcy Court may direct;

(e)    To oversee and issue further appropriate orders respecting disbursement of amounts deposited as may be required by the Plan;

(f)    To conduct hearings on valuation, as necessary, and to determine whether any party in interest is entitled to recover against any Person any Claim, whether arising under section 506(c) of the Bankruptcy Code, or arising out of a voidable preference, a fraudulent transfer, or otherwise;

(g)    To hear and determine all applications for compensation and other Administrative Expense Claims;

(h)    To hear and determine any and all pending adversary proceedings or contested matters and all claims or causes of action related thereto or arising therefrom, whether or not presently asserted in the operative complaint therein;

(i)    To hear and determine any and all Claims and causes of action that belong to the Debtor or its Estate on or prior to the Effective Date, including but not limited to, such Claims and causes of action that vest in the Trust on the Effective Date pursuant to the Plan, whether or not asserted prior to the occurrence of the Effective Date;

(j)    To determine all causes of action which may exist in favor of the Debtor or the Trust;

22

(k)     To determine any modification of the Plan after confirmation pursuant to section 1127 of the Bankruptcy Code;

(l)     To enter any order, including injunctions, necessary to establish and enforce the rights and powers of the Debtor, or the Trust, under the Plan;

(m)     To enter the Final Decree pursuant to Rule 3022 of the Bankruptcy Rules;

(n)     To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

(o)     To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of the Bankruptcy Court in the Chapter 11 Case entered on or before Confirmation;

(p)     To hear and determine any and all objections to payments to be made under the Plan;

(q)     To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(r)     To adjudicate all Claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;

(s)     To adjudicate all causes of action to recover all assets and properties of the Debtor or the Trust wherever located;

(t)     To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and the Trust, and to impose such limitations, restrictions, terms and conditions on such title rights and powers as the Bankruptcy Court may deem necessary or appropriate;

(u)     Over matters related to the assets of the Estate or of the Trust, including the terms of the Trust, or the recovery, liquidation, or abandonment of Trust Assets;

(v)     Over conflicts and disputes among the Trust, the Reorganized Debtor and holders of Claims; and

(w)     To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, or enforcing the provisions thereof.

In addition, the Bankruptcy Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code.  If the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Plan Proponent, or its successors, elects to bring an action or proceeding in any other forum, then

this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

## ARTICLE XIII
## MISCELLANEOUS PROVISIONS

13.1.    **Amendment or Modification of this Plan**.  On or before the Effective Date, the Plan or any exhibits hereto may be amended, modified, or supplemented by the Plan Proponent in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code.  In addition, after Confirmation, the Reorganized Debtor or Trust Administrator, as applicable, may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.  The Plan Proponent may make appropriate technical adjustments and modifications to the Plan prior to the Effective Date without further order or approval of the Bankruptcy Court.

13.2.    **Revocation or Withdrawal of this Plan**.  The Plan Proponent reserves the right to revoke or withdraw the Plan before Confirmation.  If the Plan Proponent revokes or withdraws the Plan before Confirmation, then the Plan shall be deemed null and void.  In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims by or against the Debtor or to prejudice in any manner the rights of the Plan Proponent in any further proceedings.

13.3.    **Final Decree**.  The Reorganized Debtor shall be responsible to request that a Final Decree be entered in this Chapter 11 Case.

13.4.    **Severability of Plan Provisions**.  If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, at the request of the Plan Proponent, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may be altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

13.5.    **No Interest**.  Except as expressly stated in this Plan, no interest, penalty or late charge is allowed or shall be paid on any Claim.

13.6.    **Allocation of Distributions Between Principal and Interest**.  To the extent that any Allowed Claim entitled to a Distribution under the Plan comprises indebtedness and accrued but unpaid interest thereon, such Distribution shall be allocated to the principal amount of the Claim first and then, to the extent the consideration exceeds the principal amount of the Claim, to accrued but unpaid prepetition interest.

24

13.7.  **Notices**.  Any notices or requests by parties in interest under or in connection with this Plan shall be in writing and served either by:  (i) certified mail, return receipt requested, postage prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, all charges prepaid, and shall be deemed to have been given when received by the following parties:

**IF TO THE DEBTOR:**

TRENK ISABEL SIDDIQI &
SHAHDANIAN P.C.
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
290 Mt. Pleasant Avenue, Suite 2370
Livingston, New Jersey 07037
Email:  rtrenk@trenkisabel.law
Email:  rroglieri@trenkisabel.law

13.8.  **Controlling Documents**.  Notwithstanding anything to the contrary contained herein or in the Disclosure Statement, in the event and to the extent that any provision of the Plan is inconsistent with any provision of the Disclosure Statement, the provisions of the Plan shall control and take precedence.  In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall control.

13.9.  **Filing of Additional Documents**.  Prior to the Effective Date, the Plan Proponent may File with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan that are not inconsistent with the terms of the Plan.  On or after the Effective Date, the Reorganized Debtor may file with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate to effectuate the terms and conditions of the Plan.

13.10.  **Reservation of Rights**.  If the Plan is not confirmed by the Bankruptcy Court for any reason, the rights of the Debtor and all parties in interest in the Bankruptcy Case shall and will be reserved in full.  Statements and provisions made in the Plan or in the Disclosure Statement are made only for the purpose(s) of the Plan.  If the Plan is withdrawn, the Confirmation Order is not entered, or if the Effective Date does not occur, no Person shall be bound by or deemed prejudiced by any such statement or provision.

13.11.  **Computation of Time**.  In computing any period of time prescribed or allowed by this Plan, unless otherwise specifically designated herein, the provisions of Bankruptcy Rule 9006(a) shall apply.

13.12.  **Successors and Assigns**.  The rights, duties and obligations of any Person named or referred to in this Plan, including all Creditors, shall be binding on, and shall inure to the benefit of, the successors and assigns of such Person.

13.13.  **Waiver of Subordination**.  Notwithstanding any provision of this Plan to the contrary, all holders of Claims shall be deemed to have waived any and all contractual subordination rights to which they may have with respect to the distributions made pursuant to this

4910-3847-1211, v. 1

Plan and the Confirmation Order shall permanently enjoin, effective as of the Effective Date, all holders of Claims from enforcing or attempting to enforce any such rights against any Person receiving distributions under this Plan.

13.14. **Post-Effective Date Professional Fees**.   The reasonable fees and actual and necessary expenses incurred after the Effective Date by professionals for the Reorganized Debtor shall be paid by the Reorganized Debtor upon the submission of an invoice to the Reorganized Debtor without the need for further notice to any Person or approval by the Bankruptcy Court.

13.15. **Governing Law**.   Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and Bankruptcy Rules, (a) the construction and implementation of this Plan and any agreements, documents, and instruments executed in connection with this Plan and (b) governance matters shall be governed by the laws of the State of New Jersey, without giving effect to the principles of conflict of law thereof.

13.16. **Headings**.   Headings are used in this Plan for convenience and reference only and shall not constitute a part of this Plan for any other purpose.

13.17. **No Admissions**.   Notwithstanding anything herein to the contrary, nothing contained in this Plan shall be deemed an admission by any entity with respect to any matter set forth herein.

DRAFT June 26, 2025

Dated: June 26, 2025

Deleted: March 18

**FORTRESS HOLDINGS, LLC**

By: */s/ Paul Qassis*
Paul Qassis,
Managing Member

**TRENK ISABEL SIDDIQI
& SHAHDANIAN P.C.**

By: */s/ Richard D. Trenk*
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.

*Counsel to Fortress Holdings, LLC*

27

| Page 13: [1] Deleted | Marybeth Massoud | 6/26/2025 11:36:00 AM |