**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>FORTRESS HOLDINGS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-10977 (VFP) |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (A) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (B) APPROVING THE SOLICITATION PROCEDURES, (C) APPROVING THE FORM OF BALLOT AND NOTICES IN CONNECTION THEREWITH, (D) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (E) GRANTING RELATED RELIEF**

Debtor and Debtor in Possession, Fortress Holdings, LLC, (the "Debtor") respectfully state the following in support of this motion (this "Motion") for entry of an Order (A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures, (C) Approving the Form of Ballot and Notices in Connection Therewith, (D) Scheduling Certain Dates with Respect Thereto, and (E) Granting Related Relief:

## PRELIMINARY STATEMENT

1. As of the present date, the Debtor owns the real property located at: (i) 555 Preakness Avenue Totowa, New Jersey ("**555 Preakness**"); (ii) 561 Preakness Avenue Totowa, New Jersey (**561 Preakness**") and 322 – 324 Berkshire Avenue Paterson, New Jersey (the "**Berkshire**"), which make up the restaurant and catering facility (the "**Project**").

2. On January 30, 2025, the Debtor commenced its Chapter 11 Case.

3. Since the Petition Date, the Debtor has continued operating its business as a Debtor in Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code while working toward the restructuring of their financial obligations and preservation of their ongoing operations.

4. Prior to the Petition Date, the Debtor experienced financial distress arising from secured debt obligations and construction delays.

5. Bogota Savings Bank ("**BSB**") holds a note and mortgage dated August 11, 2021. This loan was specified to be a construction loan that would ultimately convert to a 5-year permanent loan upon completion of the Project. The loan contained an interest reserve of over $700,000 with the initial interest rate at Prime plus 1.625 percent. Default interest was set at twenty (20% ) percent per annum.

6. On February 13, 2025, the Borough of Totowa issued a temporary certificate of occupancy which permitted the Debtor to operate on floors 3 through 7. Additional construction items were required to be addressed to obtain the certificate of occupancy.

7. In November 2025, the final certificate of occupancy was issued.

8. Various post-petition loans were made for construction expenses, interest payments, real estate taxes, and insurance.

9. On July 31, 2025 the Debtor's First Amended Disclosure Statement was approved.

10. These Chapter 11 proceedings have been the subject of extensive contested hearings before the court.

11. Bogota Savings Bank is the primary secured creditor with a claim in excess of $18 million.

12. In November 2025, the Court entered an Order requiring adequate protection payments in excess of $133,000 per month.

13. Mediation was attempted before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge.

14. Bogota Savings Bank filed motion to convert these proceedings to Chapter 7 which is pending.

15. Recently, Bogota Savings Bank agreed to a settlement which is incorporated into the Second Amended Disclosure Statement.

16. Accordingly, the Debtor respectfully submits that the relief requested herein is in the best interests of the Debtor, its estate, creditors, and all parties in interest.

**Relief Requested**

17. The Debtor seeks entry of an order granting the following relief:

a) By this Motion, the Debtor seeks the Court's approval of various substantive and procedural matters central to the plan confirmation process and the Debtor's restructuring efforts. As a threshold matter, the Debtor seeks conditional approval of the Disclosure Statement as providing "adequate information" within the meaning of § 1125(a) of the Bankruptcy Code. For the reasons described in this Motion, the Debtor submits that cause exists for this Court to conditionally approve the Disclosure Statement at this time, and to approve the Disclosure Statement on a final basis at the hearing on Plan confirmation.

b) In addition, the Debtor submits that the proposed procedures outlined in this Motion are necessary and reasonable under the circumstances and reasonably comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court; therefore, the Debtor submits that such procedures should be approved.

**Jurisdiction and Venue**

18. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtor confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

19. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

20. The bases for the relief requested herein are sections 105, 305, 349, 554, 1112, 1125, 1126, 1128, and 1129 of the Bankruptcy Code, rules 1017, 2002, 3001, 3003, 3016, 3017, 3018, 3020, 6007, 9006, 9014 of the Bankruptcy Rules, and rules 3016-1, 3018-1, and 9013-1 of the Local Rules of the United States Court for the District of New Jersey (the "Local Rules")

## Basis for Relief

### I. The Court Should Approve the Disclosure Statement on a Conditional Basis.

#### A. The Standard of Approval of the Disclosure Statement.

21. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. 11 U.S.C. § 1125. Specifically, section 1125(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> [A]dequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

22. Courts in several circuits have stated that the primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a

proposed plan need to make an informed decision regarding whether to vote for the plan. *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc.* v. *Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan" (internal quotations omitted)); *Century Glove, Inc.* v. *First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan."); *In re Phoenix Petrol., Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan.").

23. "Adequate information" is a flexible standard, based on the facts and circumstances of each case. 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records. . . ."); *see Oneida Motor Freight, Inc.* v. *United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Congoleum Corp.*, 636 B.R. 362, 383 (Bankr. D.N.J. 2022) ("What constitutes 'adequate information' is determined on a case-by-case basis, with the ultimate determination within the discretion of the bankruptcy court." (internal quotations omitted)); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case."); *In re River Vill. Assoc.*, 181 B.R. 795, 804 (E.D. Pa.

1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement.").

24. In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, bankruptcy courts typically look for disclosures related to topics such as:

a. the events that led to the filing of a bankruptcy petition;

b. the relationship of the debtor with its affiliates;

c. a description of the available assets and their value;

d. the debtor's anticipated future performance;

e. the source of information stated in the disclosure statement;

f. the debtor's condition while in chapter 11;

g. claims asserted against the debtor;

h. the estimated return to creditors under a chapter 7 liquidation of the debtor;

i. the future management of the debtor;

j. Chapter 11 plan or a summary thereof;

k. financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l. information relevant to the risks posed to creditors under the plan;

m. the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n. litigation likely to arise in a non-bankruptcy context; and

o. tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have

considered in determining the adequacy of information provided in a disclosure statement); Disclosure regarding all topics is not necessary in every case. *See U.S. Brass*, 194 B.R. at 424; *see also Phx. Petrol.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

### B. The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.

25. The Disclosure Statement provides "adequate information" to allow Holders of Claims in the Voting Class to make an informed decision about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains information related to number of topics that bankruptcy courts generally consider "adequate information," including:

a. ***The Debtor's Operations and Capital Structure.*** An overview of the Debtor's corporate history, business operations, assets, organizational structure, and capital structure;

b. ***Events Leading to These Chapter 11 Cases.*** An overview of the events leading to the commencement of the Debtor's Chapter 11 Cases;

c. ***Release and Exculpation Provisions of the Plan.*** A description of the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing, including bolded language related to the Debtor's Release, Lien Release, Third-Party Release, Exculpation, and Injunction;

d. ***Risk Factors.*** Certain risks associated with the Debtor's business, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement;

e. ***Solicitation Procedures.*** A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan;

f. ***Confirmation of the Plan.*** Confirmation procedures and statutory requirements for Confirmation and Consummation of the Plan;

g. ***Certain Securities Laws Matters.*** A description of the applicability of section 1145 of the Bankruptcy Code;

h. ***Certain United States Federal Income Tax Consequences of the***

***Plan.*** A description of certain U.S. federal income tax law consequences of the Plan; and

i. ***Recommendation of the Debtor.*** A recommendation by the Debtor that Holders of Claims in the Voting Class should vote to accept the Plan.

26. Based on the foregoing, the Debtor submits, and will demonstrate at the Combined Hearing, that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to accept or reject the Plan. Accordingly, the Debtor submits that the Disclosure Statement contains "adequate information" and therefore should be approved on a conditional basis so that the Debtor can begin the Plan solicitation process.

**II. The Court Should Approve the Timelines, the Ballot, and the Forms of Notices Related to Solicitation, and the Combined Hearing.**

**A. The Court Should Approve the Voting Record Date, Solicitation Mailing Deadline, and Voting Deadline.**

27. For purposes of serving the solicitation materials, the Debtor seeks authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtor, unless an alternative address was received by the Debtor and/or the Debtor's Counsel before the Voting Record Date.

28. The Debtor requests that the Court exercise its authority under Local Rule 3018-1 and Bankruptcy Rules 3017(c), 3017(d), and 3018(a) to establish: (i) **August 3, 2026**, as the Voting Record Date; (ii) **three (3) business days after the Court enters the Order on the docket** (or as soon as reasonably practicable thereafter) as the Solicitation Mailing Deadline; and (iii) **August 20, 2026 at 4:00 p.m.**, prevailing Eastern Time, as the Voting Deadline.

29. The Debtor requests that, after the Debtor distributes Solicitation Packages to Holders of Claims entitled to vote on the Plan, the Court require that all Holders of Claims entitled

to vote on the Plan complete and submit their votes online via the E-Ballot Portal (as defined below) so that such Ballot is **actually received** by the Debtor's Counsel on or before the Voting Deadline.

30. The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan approximately twenty-one (21) days within which to review and analyze the Solicitation Package materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules. Accordingly, the Debtor requests that the Court approve the form of, and the Debtor's proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Class, and the deadline for Holders of such Claims to vote to accept or reject the Plan.

**B. The Court Should Approve the Form of the Ballot.**

31. Bankruptcy Rule 3018(c) requires that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c). In accordance with Bankruptcy Rule 3018(c), the Debtor has prepared and customized the Ballot. Although based on Official Form B 314, the Ballot has been modified to (a) address the particular circumstances of these Chapter 11 Cases and (b) include certain additional information that is relevant to and appropriate for Claims in the Voting Class. The proposed Ballot for the Voting Class is attached as **Exhibit A** to the Order. The Debtor respectfully submits that the form of the Ballot complies with Bankruptcy Rule 3018(c) and therefore should be approved.

**C. The Court Should Approve the Form and Distribution of the Solicitation Packages to Holders of Claims Entitled to Vote on the Plan.**

32. Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed Claims and/or Interests upon approval of a disclosure statement, and notice of the time within which acceptances and rejections of the plan may be filed. Fed. R. Bankr. P. 3017(d).

33. In accordance with Bankruptcy Rule 3017(d), the Debtor proposes to send the Solicitation Package to Holders of Claims in the Voting Class, thereby providing such Holders with the information they need to be able to make an informed decision with respect to how to vote on the Plan. Specifically, on or before the Solicitation Mailing Deadline (or as soon as reasonably practicable thereafter), the Debtor will distribute the Solicitation Packages to Holders of Claims in the Voting Class, by e-mail, where available, and/or first-class mail.

34. Each Solicitation Package will include the following materials, as applicable:

a) the Disclosure Statement (and any exhibits thereto, including the Plan), substantially in the form filed simultaneously herewith;

b) a Ballot, substantially in the form of the Ballot attached to the Order as **Exhibit A**, together with detailed voting instructions and instructions on how to submit the Ballot;

c) the Order granting the relief requested herein submitted herewith;

35. The Debtor requests that it be authorized to distribute the Plan, the Disclosure Statement, and the Order to Holders of Claims entitled to vote on the Plan. The Ballot and the Combined Hearing Notice will be mailed to all creditors and parties interest.

36. Additionally, the Debtor will provide the Solicitation Package (including the Ballot) via first-class mail to the U.S. Trustee and all parties on the list of parties described in Bankruptcy Rule 2002(i), (j), and (k), and those parties who have filed a notice of appearance pursuant to Bankruptcy Rule 9010 (the "Master Service List"), including parties required to be notified under Bankruptcy Rule 2002 and any applicable local bankruptcy rules.

37. All votes to accept or reject the Plan must be cast by using the Ballots. In order for a Ballot to count, the creditor must (1) complete, date and properly execute the Ballot and (2) properly deliver the Ballot to Debtor's counsel by mail or overnight courier at the following address:

Trenk Isabel Siddiqi & Shahdanian P.C.
290 West Mount Pleasant Avenue, Suite 2370
Livingston, New Jersey 07039
Attn: Richard D. Trenk, Esq.

This is the sole method that which a ballot will be accepted. Debtor's counsel will retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, Debtor's counsel is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtor or the clerk of the Court in writing within such one (1) year period.

38. Debtor's counsel will retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon, Debtor's counsel is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtor or the clerk of the Court in writing within such one (1) year period.

**D. The Court Should Approve the Combined Hearing Notice**

39. The Combined Hearing Notice includes the following: (i) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits attached thereto), the Order, and all other materials in the Solicitation Package (excluding the Ballot) from the Court's website via PACER; (ii) notice of the date by which the Debtor will

file the Plan Supplement, if any; (iii) notice of (a) the Confirmation and Final Disclosure Statement Objection Deadline and (iv) notice of the date of the combined hearing.

**III. The Court Should Approve the Solicitation Procedures.**

40. Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c)

41. Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form." Fed. R. Bankr. P. 3018(c). Consistent with these requirements, the Debtor proposes using the Solicitation Procedures. The Solicitation Procedures include specific voting and tabulation requirements and procedures.

**IV. The Court Should Approve the Procedures and Schedule a Hearing on Confirmation of the Plan.**

**A. The Court Should Approve the Procedures for Filing Objections to Confirmation of the Plan and Approve of the Disclosure Statement on a Final Basis.**

42. Bankruptcy Rule 2002 requires (i) no less than twenty-eight (28) days' notice to all Holders of Claims and Interests of the time fixed for filing objections to, and holding a hearing on confirmation of a chapter 11 plan and approval of a disclosure statement on a final basis, and (ii) no less than twenty-one (21) days' notice to all Holders of Claims and Interests of the time fixed for filing objections to and, holding a hearing on entry of an order dismissing a debtor's chapter 11 case. Fed. R. Bankr. P. 2002(a), (b), and (d). The Debtor requests: (a) that the Court establish **August 20, 2026**, at 4:00 p.m. (prevailing Eastern Time) as the

Confirmation and Final Disclosure Objection Deadline, which date is more than twenty-one (21) days following the Solicitation Mailing Deadline.

43. The Debtor also requests that the Court direct the manner in which parties in interest may object to Confirmation of the Plan. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1). The Combined Hearing Notice will require that (i) objections to Confirmation of the Plan or requests for modifications to the Plan must:

a) be in writing;

b) state with particularity the basis of the objection; and

c) be filed with the clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002 (the "General Order") and the Commentary Supplementing Administrative Procedures dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties in interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary upon the parties identified in the Combined Hearing Notice so as to be **actually received** on or before the Confirmation and Final Disclosure Statement Objection Deadline as applicable.

44. The Debtor believes that the Confirmation and Final Disclosure Statement Objection Deadline for filing and serving objections (or proposed modifications), if any, will afford the Court, the Debtor, and other parties in interest reasonable time to consider any objections or proposed modifications to the Plan prior to the Combined Hearing Date as applicable.

**Non-Substantive Modifications**

45. The Debtor requests authorization to make non-substantive changes to the Plan, Disclosure Statement, Solicitation Procedures, Ballot, Solicitation Packages, Notices of Non-Voting Status, Voting Report, Combined Hearing Notice, Publication Notice, Assumption Notice, and any notice attached to the Order, and any related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including the appendices thereto) in the Solicitation Packages before distribution.

**Rights**

46. Nothing contained in this Motion or any order granting the relief requested in this Motion, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's Estates; or (g) a waiver or limitation of any claims, causes of action

or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Waiver of Memorandum of Law**

47. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

**Notice**

48. The Debtor will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of New Jersey; (ii) all secured creditors; (iii) the Internal Revenue Service; (iv) the United States Attorney for the District of New Jersey; (v) the Office of the Attorney General for the State of New Jersey; (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (vii) all other parties entitled to notice under the Bankruptcy Code, the Bankruptcy Rules, and any applicable orders of this Court. The Debtor submits that, in light of the nature of the relief requested herein, no other or further notice need be provided.

**No Prior Request**

49. No prior motion for the relief requested herein has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto, and (a) granting the relief requested herein (or therein) and (b) granting such other relief as is just and proper.

Dated: July 13, 2026

**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**

By: /s/ Richard D. Trenk
Richard D. Trenk, Esq.
Robert S. Roglieri, Esq.
Stephen M. Gengaro, Esq.
290 W. Mt. Pleasant Ave., Suite 2370
Livingston, New Jersey 07039
Telephone: (973) 533-1000
Email: rtrenk@trenkisabel.law
Email: rroglieri@trenkisabel.law
Email: sgengaro@trenkisabel.law
*Counsel to Chapter 11 Debtor and Debtor-in-Possession*