WILENTZ
—ATTORNEYS AT LAW—
WILENTZ, GOLDMAN & SPITZER, P.A.

**DAVID H. STEIN, ESQ.**
**ANDREW BROOME, ESQ.**

T: 732.855.6126
F: 732.726.6570
dstein@wilentz.com
abroome@wilentz.com

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000

August 20, 2026

***VIA ECF***
Honorable Vincent F. Papalia
United States Bankruptcy Court - District of New Jersey
Martin Luther King, Jr. Federal Building
and Court House
50 Walnut Street, 3rd Floor
Newark, NJ 07102

**Re: Fortress Holdings, LLC**
**Chapter 11/Case #: 25-10977 (VFP)**
**Limited Objection and Reservation of Rights of Bogota Savings Bank**

Dear Judge Papalia:

This law firm represents Bogota Savings Bank ("Bogota") in the above referenced Chapter 11 proceeding. Bogota respectfully submits this Limited Objection to confirmation of the Debtor's Third Amended Plan of Reorganization [ECF 302-1] (the "Plan"), scheduled for hearing on **August 27, 2026 at 11:00 a.m.**

Bogota's concerns are limited but significant. First, the Plan requires Krikor and Issa to pay $4.5 million to Bogota on the Effective Date and makes that payment a condition precedent to consummation of the Plan. [ECF 302-1, §§ 5.2(c), 10.1(f)]. To date, Bogota has received no current written confirmation or other evidence that the funds necessary to make that payment are presently

available. Given the proximity of the August 27, 2026 confirmation hearing, Bogota seeks assurance that the Debtor has the funds necessary to confirm the Plan.

Second, Bogota has concerns regarding the feasibility of the Plan, both at confirmation and thereafter. The Disclosure Statement recognizes that feasibility requires sufficient cash on hand to satisfy obligations due in connection with the Effective Date, as well as sufficient cash flow to make the payments required over the life of the Plan. Those concerns are particularly relevant where the Plan leaves a $11.5 million loan balance owing to Bogota at 12% interest following the Effective Date. Bogota has not received sufficient current information to satisfy its concerns regarding the Debtor's ability to fund consummation and perform its post-confirmation obligations. As late as yesterday, Bogota was contacted by a third-party loan broker, who apparently, at the behest of Krikor and Issa, have issued an informal letter of intent regarding the Debtor's Plan and lending arrangement. It's unclear at this juncture whether the Debtor is proceeding with confirmation or is proceeding on another course using the third-party loan broker to now re-trade the deal..

Third, the Disclosure Statement provides that the Transition Agreement concerning the Liquor License, including identification of the New Jersey entity that will hold the Liquor License, was to be filed and duly executed by August 6, 2026. [ECF 302 Art. 2]. The Plan likewise requires execution and delivery of the Transition Agreement as a condition to the Effective Date. [ECF 302-1, § 10.1(d)]. As of the date of this Objection, the Transition Agreement has not been filed on the docket.

Accordingly, Bogota respectfully requests that the Court convene a status conference at its earliest convenience, in advance of the August 27 confirmation hearing, to determine whether the Debtor intends to proceed with confirmation and, if so, the status of the funding and other matters necessary to consummate the Plan.

Bogota reserves all rights concerning confirmation and the feasibility and consummation of the Plan, including the right to supplement this objection before or at the confirmation hearing and to examine and cross-examine witnesses as may be required.

Thank you for your consideration.

Respectfully submitted,

*/s/ David H. Stein*
David H. Stein
Andrew Broome

DHS/abb
enclosures
cc: All Parties in Interest via ECF and Email