FILED:BANKRUPTCY:NJ
2026 AUG 20 PM3:27:50

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
*[Enter your name, address and telephone number]*

Khalifah L. Shabazz, Esq.
Shabazz & Woolridge Law Group, LLP
515 Valley Street Suite 145
Maplewood, New Jersey 07040
Attorney for Creditor Manchester Utilities Authority

In Re:

FORTRESS HOLDINGS LLC

| | |
|---|---|
| Case No.: | 25-10977 (VFP) |
| Chapter: | 11 |
| Hearing Date : | Confirmation hearing Aug 27, 2026 |
| Judge: | VFP |

**OBJECTION OF MANCHESTER UTILITIES AUTHORITY TO CONFIRMATION OF THE DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION, AND TO THE PROPOSED CLASSIFICATION, IMPAIRMENT, AND TREATMENT OF ITS CLAIM**

I, Khalifah L. Shabazz, Esq., attorney for the Creditor, Manchester Utilities Authority, (The Authority) respectfully submit this certification in opposition to the Debtors plan.

## PRELIMINARY STATEMENT

1. The Plan misclassifies the Authority. The Authority's pre-petition claim for unpaid water service charges is secured by a first-priority statutory lien on the Debtor's real property arising under New Jersey law. *See* N.J.S.A. 40A:31-12; 40:14B-42. That lien is paramount to prior mortgages and encumbrances and is enforceable in the same manner as a real property tax lien. *See* N.J.S.A. 54:5-6, -9, -19. The Authority is, accordingly, a secured creditor under 11 U.S.C. § 506(a) and not a general unsecured creditor.

2. Post Petition, Necessary Administrative expenses. Water service furnished to the Property after the Petition Date is an actual, necessary cost of preserving the estate under § 503(b)(1)(A). Such amounts must be paid in full, in cash, on the Effective Date under § 1129(a)(9)(A). The Plan does not allocate any money for same or impliedly sweeps them into a general unsecured class. Both of which is improper.

3. Impairment and treatment. The Authority objects to being deprived of the treatment its secured status commands. The Authority is entitled either (i) to unimpaired treatment under § 1124(1) - payment in full in cash, including statutory interest, penalties, and costs recoverable under § 506(b) and New Jersey law, with the statutory lien retained until satisfied - or (ii) to separate classification as an impaired secured class with the right to vote, in which event the Plan must satisfy § 1129(b)(2)(A). The Plan does neither.

4. The Authority further objects to any provision of the Plan or Confirmation Order that purports to void, release, or otherwise impair the Authority's statutory lien, to enjoin enforcement of the Authority's *in rem* rights, or to release non-Debtor parties without the Authority's express, affirmative consent.

5. The Authority stands ready to resolve this Objection consensually with Debtor's counsel regarding the treatment.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

   Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. The Authority and the Property

10. The Authority is a is a "governmental unit" within the meaning of 11 U.S.C. § 101(27).

11. The Debtor is the record owner of certain real property located at 555 Preakness Avenue Totowa, NJ 07512 County of Passaic New Jersey.

12. The Authority supplies, and at all relevant times has supplied, potable water [and fire protection service] to the Property.

13. The Authority is a "utility" within the meaning of 11 U.S.C. § 366.

### B. The Debtor's Delinquency

14. As of January 30, 2025, the Debtor was indebted to the Authority for outstanding water services bill.

15. As of June 11, 2026 the debtor is indebted to the Authority in the amount of not less than **$51,937.13** on account of unpaid water service charges, together with statutory interest, penalties, and costs (the "Pre-Petition Claim"). See **Exhibit A** Attached hereto.

16. Since the Petition Date, the Debtor has continued to consume water service at the Property. As of **June 11, 2026, not less than $51,937.13** has accrued and remains unpaid on account of post-petition service (the "Administrative Claim").

17. The debtor has continued to use and utilize water services after the petition date and has no made any arrangements to pay Post Petition debt for water services.

### C. The Chapter 11 Case and the Plan

18. On January 30, 2025 , the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. The Debtor continues to operate as a debtor in possession under §§ 1107 and 1108.

19. The Debtor did not schedule the Authority as a creditor on Schedule D or Schedule E/F. The Authority does not appear on the Debtor's creditor matrix.

20. The Third Amended Plan places general unsecured claims in Class C by default and proposes a distribution of approximately 100%.

21. The Authority will file a proof of claim out of time asserting secured, administrative, and priority status for pre-petition debt.

22. Nevertheless, the Authority is entitled to post petition priority for water services consumed after the petition date as well.

## LEGAL ARGUMENT

### I. THE AUTHORITY HOLDS A SECURED CLAIM BY OPERATION OF NEW JERSEY LAW

23. Municipal liens under New Jersey law are paramount to all prior mortgages and encumbrances, subject only to liens for federal and State taxes. *See* N.J.S.A. 54:5-9.

24. Property interests in bankruptcy are created and defined by state law. ***Butner v. United States***, 440 U.S. 48, 55 (1979). Nothing in the Bankruptcy Code converts a statutory lien into an unsecured claim.

***Butner*** states: Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy

proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy." *Lewis v. Manufacturers National Bank,* 364 U. S. 603, 364 U. S. 609. *Butner at 440.

25. Under N.J.S.A. 40A:31-12(a), rates, rentals, connection fees, and other charges levied pursuant to N.J.S.A. 40A:31-10 and 40A:31-11

40A:31-10. a. states in relevant part After the commencement of operation of **water supply facilities, the local unit or units may prescribe and, from time to time, alter rates or rentals to be charged to users of water supply services.**

26. Because the Authority's Pre-Petition Claim is secured by a statutory lien on property, it is a secured claim under § 506(a) to the extent of the value of the Authority's interest in that property.

27. Upon information and belief, the proposed plan is a 100% plan payment to creditors. The Authority is therefore secured, and it is entitled under § 506(b) to post-petition interest and to the reasonable fees, costs, and charges provided for under the State statute giving rise to the claim.

## II- THE PLAN'S CLASSIFICATION VIOLATES § 1122(a) et. seq.

28. The Plan violates § 1123(a)(1)(3) by failing to designate the Authority's secured class and specify its treatment, and § 1123(a)(4) to the extent claims within the proposed class would not receive the same treatment.

## III. POST-PETITION CHARGES ARE ADMINISTRATIVE EXPENSES THAT MUST BE PAID IN FULL IN CASH

29. Water service furnished to the Property after the Petition Date is an actual, necessary cost and expense of preserving the estate under § 503(b)(1)(A). The Debtor could not have maintained, operated the Property without it.

30. Section 1129(a)(9)(A) requires that, on the Effective Date, the holder of a § 507(a)(2) administrative claim receive cash equal to the allowed amount of such claim, unless the holder agrees to different treatment. The Authority does not agree.

31. The Plan proposes no such payment. This defect is independent of the classification dispute and is alone fatal to confirmation as presently drafted.

32. The Authority further notes that an administrative expense priority does **not** constitute assurance of payment for purposes of § 366. 11 U.S.C. § 366(c)(1)(B).

## IV. THE AUTHORITY IS ENTITLED TO UNIMPAIRED TREATMENT OR, ALTERNATIVELY, TO SEPARATE CLASSIFICATION AS AN IMPAIRED SECURED CLASS WITH THE RIGHT TO VOTE

33. Section 1124 provides that a class is impaired unless the plan (1) "leaves unaltered the legal, equitable, and contractual rights" of each holder, or (2) cures defaults, reinstates maturity, compensates for damages, and "does not otherwise alter" such rights.

34. The standard is exacting. Any alteration of a creditor's legal, equitable, or contractual rights however slight, and without regard to materiality renders the class impaired.

### A. Primary position: the Authority is entitled to unimpaired treatment.

35. The Authority submits that the Plan should be amended to render its claim unimpaired under § 1124(1), by providing that:

a. the Authority's Pre-Petition Claim is an allowed secured claim in the amount no less than **$51,937.13**, together with all interest, penalties, and costs accruing under § 506(b) and applicable New Jersey law through the date of payment;

b. such claim shall be paid in full, in cash, on the Effective Date;

c. the Authority's statutory lien shall be retained and unaffected until the claim is paid in full;

d. the Administrative Claim shall be paid in full, in cash, on the Effective Date pursuant to § 1129(a)(9)(A).

e. water service charges accruing after the Effective Date shall be paid in the ordinary course, and the Authority's statutory lien shall continue to attach to the Property with respect thereto;

f. the Authority retains all rights under § 366.

g. the Authority is expressly excluded from all releases, exculpations, injunctions, and "free and clear" provisions of the Plan and Confirmation Order.

36. Treatment consistent with Paragraph 35 would render the Authority unimpaired, conclusively presumed to have accepted the Plan under § 1126(f), and would resolve this Objection in its entirety.

**B. Alternative position: if not paid in full, the Authority must be separately classified as impaired and permitted to vote.**

37. If the Debtor declines to provide the treatment set forth in Paragraph 38, then the Authority's claim is impaired, and the Authority must be placed in its own class of secured claims and afforded the right to vote under § 1126.

38. The Plan cannot satisfy § 1129(a)(8). A properly classified Authority class will vote to reject the Plan. Accordingly, § 1129(a)(8) will not be satisfied, and the Debtor must proceed, if at all, under § 1129(b).

39. The Plan cannot satisfy § 1129(a)(10). At least one impaired class must accept the Plan, determined without including the acceptance of any insider.

40. The Authority reserves the right to challenge any purportedly accepting impaired class as artificially impaired and as evidencing a lack of good faith under § 1129(a)(3).

41. A plan that leaves a first-position municipal lien unsatisfied and makes no provision for ongoing water service obligations is not feasible, and confirmation is likely to be followed by further reorganization or liquidation.

## V-. THE AUTHORITY'S LIEN AND *IN REM* RIGHTS MUST BE EXPRESSLY PRESERVED

42. A lien passes through bankruptcy unaffected unless it is expressly dealt with by the plan and the lienholder participated with notice.

43. The Authority objects to any provision of the Plan or the Confirmation Order that purports, under § 1141(c) or otherwise, to vest the Property free and clear of the Authority's statutory lien absent payment in full.

44. The Authority further objects to any third-party release, exculpation, or injunction extending to the Debtor's members, managers, affiliates, guarantors, or professionals to the extent it would bind the Authority without its express, affirmative consent. The Authority does not consent, and no opt-out mechanism applied to a creditor that was never served can supply consent.

45. To the extent the Plan contemplates a sale or refinancing of the Property, the Authority's lien must be paid in full at closing, or must attach to the proceeds with the same validity, extent, and priority. 11 U.S.C. § 363(e), (f).

## VI. THE AUTHORITY WAS NOT AFFORDED CONSTITUTIONALLY ADEQUATE NOTICE

46. The Authority is a known creditor. The Debtor owns real property within the municipality, receives water service from the Authority, has been billed by the Authority, and is in arrears to the Authority. Its identity was reasonably ascertainable from the Debtor's own books and records.

47. Known creditors are constitutionally entitled to actual notice; constructive or publication notice suffices only as to unknown creditors.

48. Upon information and belief The Authority received no notice of the bar date, the Disclosure Statement, the Plan, or the solicitation. A confirmation order entered on such a record cannot bind the Authority or discharge its claim consistent with due process and § 1141.

49. The Authority accordingly requests that the Court direct the Debtor to amend its Schedules pursuant to Fed. R. Bankr. P. 1009 / deem the Authority's proof of claim timely filed / re-solicit the Authority in a properly constituted class.

## VII. THE AUTHORITY'S RIGHTS UNDER § 366 ARE RESERVED

50. The Authority has not received adequate assurance of payment in a form satisfactory to it under § 366(c)(1)(A). No administrative priority, promise of future payment, or payment history satisfies that standard. 11 U.S.C. § 366(c)(1)(B), (c)(3)(B).

51. The Authority reserves all rights under § 366, including its rights under § 366(c)(2) and its right under § 366(c)(4) to recover or set off against any pre-petition deposit without further notice or order of this Court.

**RESERVATION OF RIGHTS**

52. The Authority reserves the right to supplement, amend, or modify this Objection at any time prior to or at the confirmation hearing, including upon receipt of discovery, an amended plan, a plan supplement, or the Debtor's confirmation brief or supporting declarations.

53. The Authority reserves all rights to: file or amend proofs of claim; seek allowance and immediate payment of administrative expenses under § 503(b); seek adequate protection under §§ 361 and 363(e); seek relief from the automatic stay under § 362(d), including § 362(d)(3) if this is a single asset real estate case; make an election under § 1111(b) and Fed. R. Bankr. P. 3014; file a notice in lieu of perfection under § 546(b)(2); object to the Disclosure Statement; conduct discovery under Fed. R. Bankr. P. 2004 and 9014; examine witnesses and offer evidence at the confirmation hearing; and pursue all remedies under New Jersey law.

54. Nothing herein shall constitute a waiver of any right, claim, defense, lien, or remedy of the Authority, or consent to the treatment of its claims under the Plan.

55. The Authority joins in the objections of other parties in interest to the extent not inconsistent herewith.

## CONCLUSION

**WHEREFORE,** the Authority respectfully requests that this Court enter an order:

(a) denying confirmation of the Plan as presently constituted;

(b) determining that the Authority holds an allowed secured claim in the amount of no less than $51,937.13, secured by a first-priority statutory lien on the Property, together with interest, penalties, and costs allowable under 11 U.S.C. § 506(b) and applicable New Jersey law;

(c) determining that amounts accruing for water service after the Petition Date constitute allowed administrative expenses under § 503(b)(1)(A), payable in full in cash on the Effective Date pursuant to § 1129(a)(9)(A);

(d) directing that the Authority's claim be separately classified in accordance with § 1122(a), and either rendered unimpaired on the terms set forth in Paragraph 38 hereof or classified as an impaired class of secured claims entitled to vote;

(e) providing that the Authority's statutory lien shall be retained and unaffected until its claim is paid in full, and that the Authority is excluded from all releases, exculpations, injunctions, and "free and clear" provisions of the Plan and Confirmation Order;

(f) preserving the Authority's rights under 11 U.S.C. § 366; and

(g) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Khalifah L. Shabazz, Esq.

Khalifah L. Shabazz, Esq.
Shabazz & Woolridge Law Group, LLP
515 Valley Street Suite 145
Maplewood, New Jersey 07040
Attorney for Creditor Manchester Utilities Authority